IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| BOBBY FRANCIS LOWRY V, | CV 24-88-M-DWM |
| Plaintiff, | |
| vs. | ORDER |
| RN KELLY, and WELLPATH HEALTHCARE, | |
| Defendants. | |

Plaintiff Bobby Francis Lowry V filed a Complaint related to his medical care at Missoula County Detention Center, in Missoula, Montana. (Doc. 2). The Complaint failed to state a claim, but Lowry was allowed to amend. (Doc. 11.) His Amended Complaint likewise fails to state a claim and is dismissed.

Lowry heeded certain aspects of the Court's prior screening order and removed two defendants against whom he did not state a claim. (Doc. 12 at 2.) However, despite elaborating the rhetorical aspects of his claim, he fails to allege facts that state a claim for deliberate indifference. Lowry did not like the medical care he received by Nurse Kelli and Wellpath Healthcare. Wellpath Healthcare may very well have been motivated by cost constraints. But Lowry was seen by medical staff, received treatment for the conditions staff observed, and was responded to when he filed grievances about his care. Though he alleges permanent lung and throat damage, he does not provide any facts that would show

1

what condition, ignored by Defendants, caused this permanent damage.

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citations omitted). The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678. While "'detailed factual allegations'" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678. As to a constitutional medical care claim, negligence is insufficient. *Farmer v. Brennan*, 511 U.S. 825, 835 (1994). A "mere lack of due care" does not violate the Constitution. Rather, Lowry "must 'prove more than negligence but less than subjective intent – something akin to reckless disregard.'" *Castro v. County of Los Angeles*, 833 F.3d 1060, 1071 (9th Cir. 2016).

The factual background of Lowry's claims was detailed in the Court's prior Order. (Doc. 11 at 3 - 5.) Lowry was advised that he had failed to allege sufficient facts on at least two elements of his claim, deliberate indifference and the cause of his injuries. *See* Doc. 11 at 8 – 9, citing *Gordon v. County of Orange*, 888 F.3d 1118, 1124-25 (9th Cir. 2018). Under this standard, Lowry's Amended Complaint fails to state a claim. Lowry continued to be seen by medical staff, the facts alleged show that the medical staff was aware of his conditions and able to respond as

needed. The grievances attached to Lowry's original complaint show the staff was actively responding to him, and advised him what to do in the case of an emergency. Lowry has failed to plausibly allege deliberate indifference or disregard of a constitutional dimension, and his amendments, though elaborate, do not sufficiently allege facts that state a claim.

Finally, as to his alleged injuries, in Lowry's original Complaint, he alleged no facts to show a physical injury. He was advised that, to state a claim, he must allege some sort of physical injury. On amendment, for the first time, he alleges permanent physical damage, but he never explains how or why this has happened, undermining the credibility of the allegation.

### III. CONCLUSION

The Court has considered whether Lowry's Amended Complaint is frivolous, malicious, fail to state a claim, or seek solely monetary relief from a defendant who is immune. *See* 28 U.S.C. §§ 1915(e)(2), 1915A(b). Lowry's allegations are insufficient to state a claim, and the Amended Complaint is dismissed.

Accordingly, it is HEREBY ORDERED:

1. Lowry's Amended Complaint is DISMISSED for failure to state a claim.

2. The Clerk of Court is directed to close the case and enter judgment pursuant to Fed. R. Civ. P. 58. The docket will reflect that the dismissal will count

as a strike against Lowry within the meaning of 28 U.S.C. § 1915. The docket will also reflect that the Court certifies that appeal would not be taken in good faith.

DATED this 19th day of November, 2024.

_____
Donald W. Molloy, District Judge
United States District Court